Anthony F. CENTRACCHIO et al.

v.

David A. SCHECHTER.

No. 95–557–Appeal.

Supreme Court of Rhode Island.

April 22, 1997.

William Y. Chaika, Providence, for Plaintiff.

David E. Maglio, III, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court for oral argument on January 14, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised in the appeal should not be summarily decided. The plaintiffs, Anthony F. and Margaret J. Centracchio (plaintiffs), appeal from a Superior Court order granting summary judgment in favor of the defendant, David A. Schechter (Schechter or defendant). After hearing the arguments of counsel and reviewing their memoranda, we perceive no cause and therefore proceed to decide this matter without further briefing or argument.

In August 1977, the plaintiffs' home was damaged when a water main adjoining their property broke and flooded their property. They filed a civil action seeking to recover their damages and named as defendants their neighbors Theodore and Barbara Wright (the Wrights), whose agent while repairing their property allegedly caused the water main to rupture, and the town of Narragansett. That civil action was pending in the Superior Court when in July 1986, their then attorney, Richard Del Sesto, was suspended from the practice of law. Disciplinary counsel for the Supreme Court, in the course of providing assistance to various clients of Attorney Del Sesto, recommended Attorney David A. Schechter, the defendant in this case, to the plaintiffs. The plaintiffs, after discussing the status of their pending civil action with Attorney Schechter, retained him in January 1987 to represent them in their pending Superior Court action. Unfortunately for the plaintiffs, Schechter failed and neglected to enter his appearance on their behalf in their pending civil action. Some ten months later, the Wrights, unaware of Schechter's interest in the pending case, filed a motion to dismiss the plaintiffs' claim against them, giving notice to Attorney

Del Sesto, who was the only counsel listed of record.[1] As a result, Schechter, who would have received notice of the motion, had he complied with his obligation to enter his appearance in the case following his retention by the plaintiffs, was not given any notice of the Wrights' motion. Needless to add, neither were the plaintiffs. Consequently, when the Wrights' motion to dismiss came on for hearing in November 1987, it was unopposed. The motion was taken up by the Superior Court hearing justice, considered, and granted. Final judgment thereon dismissing the Wrights from the case was entered on November 20, 1987. Some four months later, defendant Schechter finally entered his appearance on behalf of the plaintiffs. That entry was made, however, some two years and two months after Schechter was retained as counsel by the plaintiffs, clearly evidencing neglect by Schechter of his fiduciary obligation to the plaintiffs, and leaving them with only the town of Narragansett remaining as a defendant in their pending civil action.

Compounding plaintiffs' misfortune in selecting their first two attorneys to represent them in their civil action was the fact that on the basis of their allegations of negligence contained in their complaint, the town's liability to the plaintiffs was legally nonexistent. When their case was finally reached for trial on February 12, 1990, with only the town as a remaining defendant, it was unable to withstand legal scrutiny and succumbed to the town's motion to dismiss. At that hearing, Schechter effectively conceded that he could not prove any claim against the town and that the real basis for any recovery would have resulted from the claim against the Wrights. It was at that hearing, on February 12, 1990, that the plaintiffs learned for the first time that because of Schechter's neglect, their only viable claim for their property damage against the Wrights had been dismissed some twenty-seven months earlier. The plaintiffs, immediately following the February 12, 1990 hearing, confronted Schechter in the courthouse corridor and questioned him about why he had failed to protect their interests in the pending case

---

1. There is no showing in the record that the Wrights were aware of the fact that Attorney Del Sesto's suspension was still in effect at the time they filed their motion to dismiss.

after having been retained to do so. Schechter's sad but simple reply was that they should sue him. The plaintiffs took Schechter's advice. They proceeded to engage new counsel to do just that. On May 19, 1993, the plaintiffs filed the instant legal malpractice action. The defendant Schechter responded to that action by moving for summary judgment, asserting therein that the three year limitation time bar for legal malpractice actions provided for in G.L.1956 § 9–1–14 had expired. The plaintiffs, relying upon Schechter's alleged concealment of his negligence, attempted to avoid the three year action limitation by relying upon § 9–1–14.3(b) that permits a so-called reasonable diligence discovery of the malpractice to extend the three year limitation contained in § 9–1–14.3. A Superior Court justice hearing Schechter's motion for summary judgment agreed with him that § 9–1–14.3 effectively time barred plaintiffs' action and that plaintiffs had failed to show that they were entitled to benefit from § 9–1–14.3(b) in order to avoid the three-year time bar. Accordingly, the Superior Court trial justice granted summary judgment in favor of Schechter. We conclude, for the reasons following, that the trial justice erred.

The defendant Schechter was retained by the plaintiffs in January 1987 to represent them in their pending Superior Court civil action for damages against the Wrights. Schechter failed and neglected to file his entry of appearance in that civil action. As a result, some ten months later, when the Wrights filed their motion to dismiss the plaintiffs' action against them, neither *Schechter nor the plaintiffs were given notice* of the motion. Accordingly, when the motion was reached as scheduled for hearing, it was unopposed and granted on November 16, 1987. Final judgment thereon dismissing the plaintiffs' cause of action against the Wrights was entered on November 20, 1987. Some sixteen months later, on March 23, 1989, defendant Schechter finally entered his appearance in the case and apparently discovered that the Wrights were no longer in the case and that all appeal times from the granting of their motion to dismiss them from the case had expired. Schechter waited until February 1990 to inform the plaintiffs of their dilemma.

He asserts in response to plaintiff's appeal from the Superior Court's grant of summary judgment that:

"[t]he malpractice, if any, occurred in November 1987 when the Wrights were dismissed from the case before Attorney Schechter entered his appearance on behalf of the appellants."

Consequently, he contends that the plaintiffs' malpractice action filed against him on May 19, 1993, more than three years after November 1987, was time barred by § 9–1–14.3 and that the reasonable-diligence discovery rule in § 9–1–14.3(b) was of no assistance to the plaintiffs.

We agree with Schechter's contention that the plaintiffs' cause of action accrued to them in November 1987. Our acquiescence in his position, however, brings him little cause for celebration. The consideration of § 9–1–14.3 as well as § 9–1–14.3(b) by all parties as well as by the hearing justice in the Superior Court was clearly unwarranted. The progenitor of § 9–1–14.3 and § 9–1–14.3(b) was P.L.1988, ch. 212, § 1. That Public Law was approved and became law on June 2, 1988, some six months *after* the accrual of the plaintiffs' cause of action in November 1987. There is no statutory interpretation question left present here in regard to whether § 9–1–14.3 was intended to apply retroactively or prospectively because the Public Law itself disposed of any such question. Section 2 in the 1988 Public Law, ch. 212, stated as follows:

"This act shall take effect upon passage and apply to causes of action arising on or after July 1, 1988."

On the pertinent conceded facts here, the plaintiffs' cause of action against Schechter accrued in November 1987, at which time it was still governed by § 9–1–13, which for legal malpractice claims then provided for a ten year action limitation period. *Church v. McBurney,* 513 A.2d 22, 23 n. 2 (R.I.1986).

Consequently, the plaintiffs' legal malpractice action against Schechter, filed in the Superior Court on May 19, 1993, and based upon his legal malpractice occurring in November 1987, was timely filed within the then

governing ten year action limitation provided in § 9–1–13.

The plaintiffs' appeal is sustained, the judgment of the Superior Court is reversed, and the papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.

WEISBERGER, C.J., did not participate.